**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALEX D. HORNE,                                    Case No. 14-CV-3070 (JNE/TNL)

Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

GREGORY L. MEADOWS, Most
Worshipful Grand Master; and MOST
WORSHIPFUL PRINCE HALL GRAND
LODGE OF FREE AND ACCEPTED
MASONS OF MINNESOTA AND ITS
JURISDICTIONS, INC.,

Defendants.

---

Alex D. Horne, pro se.

This matter is before the undersigned United States Magistrate Judge on the application

of Plaintiff Alex D. Horne for leave to proceed *in forma pauperis* ("IFP").  *See* 28 U.S.C.

§ 1915(a)(1).  Because the Court lacks jurisdiction over the claim raised in Horne's complaint,

this Court recommends that Horne's IFP application be denied and that this case be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Horne's complaint alleges that this Court has subject-matter jurisdiction over this lawsuit

under 28 U.S.C. § 1331, which provides district courts with "original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States."  But the only claim

raised against Defendants in Horne's complaint is one for defamation — a state-law cause of

action.  Even affording Horne's pro se complaint a liberal construction, *see Stone v. Harry*, 364

F.3d 912, 914 (8th Cir. 2004), that complaint cannot reasonably be interpreted as raising any

claims for relief under federal law.  Accordingly, § 1331 does not provide this Court with jurisdiction over Horne's complaint.

Nor does this Court have jurisdiction over this case based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a).  Horne disclaims in his complaint that complete diversity of citizenship exists in this case, *see* Compl. at 3 [ECF No. 1], and, in fact, it appears from the complaint that Horne and each of the defendants is a citizen of Minnesota, *see id*. at 2.  Accordingly, § 1332(a) cannot provide this Court with jurisdiction over this lawsuit.

Without a basis for subject-matter jurisdiction, this Court cannot entertain Horne's complaint.  This Court therefore recommends that Horne's complaint be summarily dismissed for lack of subject-matter jurisdiction and that his IFP application be denied.  *See Uresti v. Berchelmann*, 545 Fed. Appx. 271, 272-73 (5th Cir. 2013) (per curiam) (affirming dismissal under § 1915(e) for lack of subject-matter jurisdiction).

[Continued on next page.]

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1.      The application of Plaintiff Alex D. Horne to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

2.      The complaint [ECF No. 1] be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: August__22__, 2014                          _____*s/ Tony N. Leung*_____
                                                                                Tony N. Leung
                                                                                United States Magistrate Judge


                                                                                *Horne v. Meadows et al.*
                                                                                Case No. 14-CV-3070 (JNE/TNL)


        Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 8, 2014**. A party may respond to the objections within fourteen days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.